Speak, J.
Upon the power of the court of common pleas to render judgment against Mrs. Haines, three questions arise:
1. Can the agreement of a grantee of land, receiving title by quit claim deed, made with the grantor, as part of the consideration of the conveyance, to assume and pay a debt of the grantor, secured by mortgage on the land, which is not contained in the conveyance, be enforced by the mortgagee ? 2. Can such an agreement be enforced by the mortgagee against a married woman, under the statutes in force in the year 1883? 3. Do the statutes in force at the date named authorize the rendition of a personal judgment against a married woman upon a contract of the character described ?
As to the first question: It is settled in this state that where the purchaser of an incumbered estate agrees to take it subject to the incumbrance, and an abatement is made in the price on that account, such purchaser is bound to indemnify his grantor against the, incumbrance, whether he expressly promises to do so or not. Thompson v. Thompson, 4 Ohio St. 333. It is equally well settled that “ an agreement made on a valid consideration, by one person with another, to pay money to a third, can be enforced by the latter in his own name.” Emmitt v. Brophy, 42 Ohio St. 82. It would seem to follow from this, that, unless the inquiry we have is affected by the character of the deed, or by the fact *427 that the contract is not embodied in the deed, the answer will necessarily be in the affirmative. That the conveyance is a quit claim rather than a warranty deed, cannot be of importance, because the liability does not depend upon the form of the conveyance, or upon the character of the estate which the purchaser acquires, but upon the agreement which he makes in consideration of it.
Can it be affected by the fact that the agreement is dehors the deed ? The agreement, when made, becomes a personal obligation. It in no way affects the lien of the mortgage, or is of interest to the future purchaser, or to the public. No rule of evidence requires that it be proven by a paper under seal, nor that it be embodied in the deed. Why, then, is it not sufficient if legally established independent of the terms of the deed? Not being affected by either of these considerations, the question is not different from the one presented in Emmitt v. Brophy, supra.
Such contract is made upon a consideration moving to the promisor. The true import of it is not to pay the debt of another, but to discharge the promisor’s own obligation. Instead of paying the whole of the stipulated purchase price to his grantor he agrees to pay it to the one who holds the incumbrance, thus making the sum due his own debt, and when he pays it he is but paying what he agreed to pay for the land, and in the manner agreed upon. And no reason can be given why such a contract may not be enforced in favor of the mortgagee which would not be equally effective against its enforcement by the vendor. Lawrence v. Fox, 20 N. Y. 268; Merriman v. Moore, 90 Pa. St. 78.
As to the second question: To maintain an action against a married woman under the statutes in force in 1883, (act of March 30, 1874, as amended January 21, 1879, and section 3108 Revised Statutes) it must be made to appear that she has separate estate; that the transaction out of which the obligation grew, had reference to, or was for the benefit of, her separate estate, and that she intended to charge the separate estate with its payment. Where these facts conjoin, no reason exists why the engagement should not be enforced against *428 a married woman which would not be equally good against its enforcement if she were single. The fact of coverture does not necessarily invalidate the engagement.
It is insisted that the contract in this case, if made at all, was a verbal .contract, and for that reason is not enforceable against a married woman. Such is not the effect of the allegations of the supplemental petition. A contract is alleged. Whether it is to be established by a paper writing, or by oral testimony, is a matter of evidence, not a matter of pleading. Had the defendant desired to attack it as invalid under the statute of frauds, because not to be performed within a year, such question should have been made by answer. The allegation that a contract was made is an allegation that a valid contract was made, and in the absence of an answer, the court will presume that, if necessary to be in writing, it was in writing.
But though the contract were verbal (save for the possible effect of the statute of frauds, which is out of the consideration), we see no reason why that fact would affect its validity as against this defendant in case it were shown that the obligation had reference to, or was for the benefit of, separate estate, which she intended to charge with its payment.
The power to charge is an incident to the ownership of property. The intent to charge may be inferred from circumstances. The act of March 23, 1866, (section 3108 Revised Statutes) recognizes the right of a married woman to purchase real estate, and real property conveyed to her during coverture, becomes, by force of - that act, her separate estate.. By the act of March 30, 1874, amending section 28 of the code, her power to engage in mercantile, or other business, is recognized. It has been many times held, and is believed to be accepted practice throughout the state, that where a married woman is conducting a mercantile business, her engagements based upon verbal agreements in the purchase of goods, may be enforced against her separate estate. This upon the ground that the purchase concerns, or is for the benefit of, her separate estate, in that she bought the goods for her *429 separate use in the business she was conducting. If this be a correct view of the law, (and we believe that it is,) why-may not verbal engagements, made in the purchase of real estate to pay for it be equally enforceable against her separate estate ? The same enactment, (act of March 30,1874, supra,) provides for the enforcement of both classes of obligations. By its express terms, where an action against a married woman concerns her separate property, or grows out of or concerns a mercantile or other business in which she is or has been engaged, she may be sued alone, and her separate property and estate shall be liable for any judgment rendered thereon against her.
Such an engagement could, we think, have been enforced against a married woman by the vendor, and we see no reason to doubt that it might be enforced by the mortgagee.
The third question is answered by referring to the same statute. In express words it provides that “in all cases where she may sue or be sued alone the like proceedings shall be had, and the like judgment rendered and enforced in all respects as if she were an unmarried.woman.” If this does not warrant a personal judgment, language cannot be framed that will do so.
No particular form of words is required to constitute a good pleading. It is sufficient if the necessary facts are stated. In this case the allegations of the petition show that Mrs. Haines purchased and received a deed of the property described, and entered into possession of it. This showed that, under section 3108, the land was her separate estate, and, with the further allegation that the indebtedness referred to was a part of - the consideration for the conveyance which she agreed to pay, showed such circumstances as justified the inference that she intended to charge her separate estate with its payment; otherwise the transaction on her part was meaningless. No rule of good pleading was violated by omitting to aver, in direct language,' that she intended to charge her separate estate. The supplemental petition made a case against her.
It is objected that the court of common pleas could not *430 take jurisdiction of the case against Mrs. Haines made in the supplemental petition, because no leave was obtained to file, and because of some defect in the indorsement on the summons issued upon it. The defendant had been duly brought into court by the first summons. The cause was still pending. It was of a class known as equitable actions, in which cases a supplemental bill is not improper. She had actual notice, by personal service, of the filing of the supplemental petition. If no leave to file was in fact allowed, or if the indorsement upon the summons was irregular, (of both which facts the printed record is silent,) a motion to strike off, or to quash the summons, or both, would have been in order. She had from August 15 to October 19, to interpose a motion, or make defense, but she did neither. If two causes had been improperly joined, it was a fault to be reached by demurrer. She cannot now complain of want of jurisdiction over her.
It is also insisted that the judgment was taken without evidence, and was, therefore, erroneous. All legal presumptions are in favor of the judgment:
To the objection that the court erred in rendering judgment without a jury, it is enough to say that, if a jury had been proper, the plaintiff had a right to waive it. But such cases have not been regarded as triable to a jury.
Nor is there substance in the objection that the plaintiff had waived its claim against Mrs. Haines because it had from the beginning regarded and treated the husband as the principal debtor. It does not appear that the plaintiff was aware, or had the means of learning, of the agreement of Mrs. Haines prior to the filing of its supplemental petition. A party does not, ordinarily, lose rights by waiver, in the absence of knowledge of their existence.
There appears no error in the judgment of the court of common pleas.
The judgment of reversal by the circuit court is reversed, and that of the former court affirmed.